## PARSONS v. LIVINGSTON & KINKEAD, *et al.*

1. HOMESTEAD: HEAD OF A FAMILY. Where a widower, without children, acquired real property which he occupied as a homestead for himself and his mother who was the sole member of his family, it was held that he was the head of a family within the meaning of the statute, and that the premises so occupied were exempt from levy and sale for the satisfaction of debts thereafter contracted.

2. SAME. Sections 1263 and 1264 of the Code of 1851, only prescribes the manner in which a homestead shall descend.

*Appeal from Buchanan District Court.*

SATURDAY, OCTOBER 6.

*Bissell, Mills & Shiras* for appellant.

*I. M. Preston* for appellee.

BALDWIN, J.—This was an amicable suit in the District Court, submitted upon an agreed state of facts, for the purpose of determining the right of the defendant Martin as sheriff to sell certain real estate, which was claimed by plaintiff as a homestead.

The agreement of the parties presents the following state of facts: Upon the 26th day of July, 1854 the plaintiff Parsons being a widower, and without children, purchased the property now claimed and used as his homestead; and in the spring of the year following moved into a house situated upon said premises, at the same time taking with him into said house his mother, a widow without children excepting the plaintiff; that plaintiff and his mother have continued to live in said house and that plaintiff has continued to support his said mother up to the present time. It is also agreed that plaintiff's mother is the owner of a piece of land and some town lots, upon which there are no improvements. The defendant, Livingston Bros. & Kinkead, upon the 30th day of April, 1859, recovered a judgment against one Mellish and this plaintiff upon a debt contracted in the year 1857; that an execution had been issued thereon, but that no property could be found, upon which to levy excepting that which is now claimed as exempt; that upon the 26th day of May, 1859 plaintiff married his second wife, and that plaintiff, his wife and mother now live upon said homestead; that upon the 30th day of the same month an execution issued upon said judgment, and the said sheriff had levied upon said property in controversy.

The question presented is whether at the time this debt was contracted, the plaintiff was the head of a family. Section 1245 of the Code provides, that when there is no special declaration of the statute to the contrary the homestead of every head of a family is exempt from judi-

cial sale. By section 1249 of the same act, it is provided that such homestead may be sold for debts contracted prior to the purchase of such homestead.

Section 1250 of the same act declares that such homestead shall embrace the house used as a home by the owner thereof. A family, as defined by Mr. Webster, is a collective body of persons who live in one house and under one head or manager; a household, including parents, children and servants, and, as the case may be, lodgers or boarders. This act of the legislature in giving to each citizen of the state, a homestead, is based upon the idea that it is a matter of public policy, for the promotion of the property of the State, and the general good of the people that such citizen should be independent and above want, that he should have a home, a place where he and his family may live in society beyond the reach of financial misfortune, and the demands of creditors. 1 Iowa 435.

The plaintiff purchased this property before this debt was contracted. At the time it was contracted, he was in the occupancy of said premises, he and his mother were living thereon, making it his and her home. There was a collective body of persons, who lived in his house and under his control, the plaintiff was the head and manager thereof.

A man is regarded as the head of a family, though without wife or children, as long as he continues to occupy the house used as such at the time of the death of his wife. Code section 1240. The plaintiff did not however, occupy the property now in dispute at the time of the death of his wife, and cannot claim it under the provisions of this section. But he is here recognized as the head of a family, without any person living with him or being in any manner under his control.

It is claimed by appellant, that the legislature have clearly indicated by the provisions of sections 1263 and 1264 of the Code, that such exemption is for the benefit of the widow and children, and not the family; or for the benefit of pa-

rents, sisters or other parties.   These sections are intended
to provide the manner in which such homestead may descend,
and not as defining the persons entitled to such exemption.

We are of the opinion that the plaintiff was the head of
a family, when the debt was contracted, and continued as
such up to the date of the levy by the sheriff.

Judgment affirmed.