JUDGE PETERS
delivered the opinion op the court.
The object of the exemption laws was doubtless to protect from execution, and secure to the immediate family of the debtor, he being a bona •fide housekeeper, the enumerated articles; the family consisting of those that the debtor was in legal contemplation bound to provide for by obligations higher than such as bound him to pay his *112 debts, and wbo, from tender years and other disabilities, were unable to provide for themselves; but it was not the intention of the legislature to provide for the support of operatives hired by the debtor to prosecute his business, either in cultivating a farm or the performance of other service. If such construction be given to the statutes, then that which was intended merely to secure the family of an unfortunate and indigent debtor against want would be soon perverted to the unholy purpose of enabling such debtors as should be so disposed to deprive their creditors of no inconsiderable amount of their property, and thereby avail themselves of the beneficent objects of the legislature to perpetrate a fraud on creditors. To such a construction we can not give our sanction.
The evidence shows that the debtor was a bona fide housekeeper, with an unmarried sister and two brothers, all under twenty-one years of age, living with him, whose parents were both dead, and whose support and education be had assumed, they being without means. The circuit court therefore very properly ordered the exempted articles set apart for the benefit of the family thus constituted, and properly refused to allow provision to be made for the brother over twenty-one years of age and the servants.
Wherefore the judgment' is affirmed both on the original and cross-appeal.