## CONNAUGHTON VS. SANDS.

(1, 2) *Exemption, who entitled to as head of family.* (3) *Right of action by officer for goods taken from his possession.* (4) *Sheriff: liability in trespass; defense.*

1. Statutes exempting property from sale on execution are to be liberally construed.
2. Although in general it is the husband, father or mother who is the head of the family, yet where a son of full age assumes the obligation of providing for a widowed mother and her children, with whom he lives, and who are dependent upon him, he is in legal contemplation the head of the family; and the provisions of sec. 31, ch. 134, R. S., apply to him as such, and will protect from sale or execution for his debts grain belonging to him not exceeding what is required for the food of the family and of the exempt amount of stock.
3. Where an officer holding chattels under an execution is deprived of their possession, he can maintain an action therefor only so far as is necessary to relieve him against his obligations to one or the other of the parties to the execution. *Main v. Bell,* 27 Wis., 517.
4. A constable levied an execution in favor of L. on property of A. which was exempt; and afterwards the sheriff seized the property upon a writ of replevin at the suit of A. In an action by the constable against the sheriff, *held,* that the sheriff might defend on the ground that the property was exempt from such execution, as in that case the plaintiff had no interest, not being liable to either L. or A.

APPEAL from the Circuit Court for *Iowa* County.

Action commenced in justice's court against the sheriff of Iowa county, to recover the value of certain grain taken by his deputy from plaintiff's possession.

The plaintiff was a constable, and claimed the property by virtue of a levy under an execution against one George Levitt, in favor of one Lanyon. The defendant's deputy took the property from the possession of the constable, upon a writ of replevin issued by a justice of the peace on complaint of one F. D. Levitt. The justice, thinking he had no jurisdiction, dismissed the writ, and ordered the property to be restored to the

constable. This judgment was reversed on *certiorari;* and the deputy retained the property, and refused to give it up on plaintiff's demand.

The answer alleged that the property belonged to F. D. Levitt, and was exempt from execution; that defendant's deputy, without any orders from him, took and held it under a valid writ of replevin; and that plaintiff never had any right thereto or interest therein.

The plaintiff, being nonsuited, appealed to the circuit court. Upon the trial there, it was shown that the property, consisting of wheat and oats, was raised on shares by F. D. Levitt, on land of one Burk, an undivided two-thirds thereof belonging to Levitt; that he was the eldest son of a family comprising his mother and five brothers and sisters, his father being dead; that he devoted his entire earnings to their support, and was regarded as the head of the family; and that they had no grain but that which was levied on, which was insufficient to supply food for themselves and their exempt stock. It further appeared that F. D. Levitt was the real debtor meant in the suit against George Levitt, that the summons therein was served upon him, and that he appeared therein by attorney.

The court charged the jury, among other things, that "if the constable ever made a legal levy on the property, he is entitled to recover of the defendant;" that the exemption laws had nothing to do with the case, and the only question for the jury was, whether a legal levy was made; and it refused to give certain instructions asked by defendant's counsel relative to the exemption laws.

Verdict and judgment for plaintiff; and defendant appealed.

*Alex. Wilson*, for appellant, contended that the plaintiff's right to recover was limited by his own obligations to those interested in the execution; and that he was exonerated as regards the judgment creditor, because the property was exempt, and as to the owner, because he had recovered his property. *Main, Sheriff etc, v. Bell*, 27 Wis., 517. An officer who levies

upon exempt property, acquires no rights. 7 Wis., 334; id., 582. 2. The sheriff, by virtue of the writ of replevin, became the legal agent of Levitt to seize the property, and has the same rights as against the plaintiff. 1 Wis., 286. 3. The constable made no valid levy upon the property, even if it was not exempt; because he undertook to levy on an undivided interest only instead of seizing on the whole, and because he did not take manual possession, nor forbid Levitt from intermeddling with the property. 24 Wend., 393; Collyer on Part., 753; *Heydon v. Heydon*, 1 Salk., 392; 3 Kent, 79, 80; *Smith v. Orser*, 42 N. Y., 132; 15 Johns., 179; 2 Hill, 147. 4. The execution under which plaintiff claimed, and with it all his rights, expired long before the commencement of this action.

*Lanyon & Spensley*, for respondents, with *M. M. Cothren*, of counsel:

The justice, upon dismissing the replevin suit, had authority to direct the deputy, as a ministerial officer of his court, to deliver the property to plaintiff. R. S., ch. 120, sec. 145; *Booth v. Ableman*, 16 Wis., 460, and cases cited. The deputy, by not obeying such order, became a trespasser *ab initio*. *Whitney v. Jenkinson*, 3 Wis., 407; *Hopkins v. Hopkins*, 10 Johns., 372. The writ of *certiorari* served on the justice did not excuse him, nor suspend the rights of the constable. *Queen v. Nash*, 1 Salk., 147; *Payfer v. Bissell*, 3 Hill, 239; *Blanchard v. Myers*, 9 Johns., 66; *Patchin v. The Mayor, etc., of Brooklyn*, 13 Wend., 664. 2. The possession of the constable gave him a right to the property as against all but the owner. *Armery v. Delamin*, 1 Strange, 505; *Cook v. Howard*, 13 Johns., 284; *Weymouth v. Ch. & N. W. R'y Co.*, 17 Wis., 550; *Demick v. Chapman*, 11 Johns., 132; *Duncan v. Spear*, 11 Wend., 54. The defense of exemption, being a personal privilege, will not avail this defendant. *Mickles v. Tousley*, 1 Cow., 114; *Earl v. Camp*, 16 Wend., 571; *Hill v. Loomis*, 6 N. H., 263; 5 Abb., N. S., 253; 52 Barb., 188; *Smith v. Hill*, 22 id., 656. 3. The

debtor should have claimed exemption at the time of the levy. 4. The property is not exempt. The statute (R. S., ch. 134, sec. 31, subd. 8) allows but one exemption for a family. That privilege belongs to the head of the family—in this case, the mother. *Bowne v. Witt*, 19 Wend., 475; *Bevitt v. Crandall*, 19 Wis., 581. 5. There was a valid levy of the execution by the plaintiff. (1.) The property was not partnership property, and it was not necessary to levy upon the whole. 1 Washb. R. P., 496; Allen on Sheriffs, 156.; *Briggs v. Strange*, 17 Mass., 405; *Melville v. Brown*, 15 id., 82; *Varnum v. Abbott*, 12 id., 474; *Baldwin v. Whiting*, 13 id., 57; *Atkins v. Bean*, 14 id., 404. (2.) The misnomer of F. D. Levitt, in the action against *George* Levitt, was waived by his appearance. *Mann v. Curley*, 4 Cow., 156; 1 Chitty's Pl., 454; Gould's Pl., § 79; 9 How. Pr. R., 445; 11 id., 138. At any rate, it will not avail the defendant to show rights in any one other than the execution debtor. *Duncan v. Spear*, 11 Wend., 54; *Cornell v. Dakin*, 38 N. Y., 253; *Main v. Bell*, 27 Wis., 517.

Cole, J. Two questions arise upon this record : 1st. Can F. D. Levitt claim the property which was levied on by the plaintiff under the execution in favor of Lanyon, as exempt under the statute? and, 2nd. If he can, then can the defendant have the benefit of this defense in this action, in the same manner that Levitt might have insisted upon the exemption in the suit brought by him against the plaintiff ? We think an affirmative answer must be given to both questions.

It seems to us that Levitt was entitled to claim the property as exempt, under subdivisions 8 and 9, section 32, ch. 134, R. S. Those clauses of the statute expressly exempt from sale on execution the provisions of the "*debtor and his family*" necessary for one year's support, either provided or growing or both ; together with the necessary food for all the exempt stock ennumerated therein. It is not pretended that the grain levied on by the plaintiff was any more than sufficient for one year's

support of the mother, brothers and sisters of Levitt, and the stock belonging to them. But it is said that F. D. Levitt cannot claim the privilege of the exemption, and that it would be a perversion of the statute to extend it to one situated as he was.

The evidence in the case shows that F. D. Levitt is over twenty-one years of age, unmarried, and resides with his mother, brothers and sisters. His father died about four years before the trial, leaving a widow and five or six children, also property consisting of forty acres of land, a team of horses, two cows and eight hogs. F. D. Levitt is the oldest child at home, and has devoted his entire earnings since his father's death to the support of his mother, brothers and sisters. The oldest child next to him at home is sixteen years old, and the others are too small to do anything. He "attends to matters out doors," uses the team to cultivate the land belonging to the family, and says that he regards himself as "the head of the family." The property levied on by the plaintiff was grain which F. D. Levitt raised upon land worked on shares; it was necessary food for the stock and for the support of the family, and it is fair to assume that it would all have been devoted to these purposes. And consequently the question arises Was the statute intended to apply to an execution debtor under such circumstances, and give him the benefit of the exemption?

It is a very familiar rule in the interpretation of statutes of this character, that they are to be liberally construed. This is the doctrine of all the cases. Now the leading idea of our statute is to secure the family of an indigent debtor against want and distress for the necessaries of life. Therefore the exemption is to " *the debtor and family.*" Ordinarily it is the husband, father or mother who takes the charge of and provides for the wants of those living with them, constituting the " *family,*" and whom the debtor is bound to provide for by the claims of kindred and the obligations of society. But, as the case before us shows, it is sometimes the child and brother who

takes upon himself the duty and obligation of providing for a widowed mother and dependent children, and who in legal contemplation becomes the head of the family. We see no sufficient reason for holding that the exemption does not apply to a person thus situated. Here F. D. Levitt was devoting his entire earnings to the support of his mother, brothers and sisters, his nearest kindred, whom he was bound by the highest obligations of nature to aid and support. He stood to some extent in the place of a husband and father. One of the witnesses says that the family could not have lived had it not been for his earnings; he transacted the necessary business of the family, and was the only responsible head it had. Under such circumstances, we think it is doing no violence to the spirit and policy of the law to say that he was entitled to the benefit of the exemption. Taking the charge of and providing for the wants of his mother and dependent brothers and sisters, he is to be deemed "the debtor," and those persons as constituting "*his family*," within the meaning of the exemption laws. This view derives support from the cases of *Bowne v. Witt*, 19 Wend., 475; *McMurray v. Shuck*, 6 Bush, 111; *Seaton et al. v. Marshall*, id., 429; and *Crane v. Waggoner and wife*, 33 Ind., 83.

The next question is, Can the defendant avail himself of this defense that the property was exempt, in this action? It appears that the plaintiff levied upon the property by virtue of an action in favor of one Lanyon and against F. D. Levitt. Afterwards the defendant, who was sheriff, took the property by his deputy from the possession of the plaintiff, by virtue of a writ of replevin issued by a justice of the peace at the suit of F. D. Levitt against the plaintiff. On the trial before the justice, Levitt was nonsuited, and the justice ordered that the property should be restored to the plaintiff. This judgment was reversed by the circuit court on *certiorari*. The property has either been delivered up to Levitt by the deputy sheriff, or remains in the possession of the latter, or did at the time

the plaintiff as constable commenced this suit. Upon these facts can the plaintiff maintain this action to recover possession of the property? His right to do so would seem to depend upon the question whether the property could be levied on to satisfy the execution in his hands in favor of Lanyon. If it was exempt property, it is very apparent that he had no right to levy upon it under the execution (unless Levitt waived the exemption), and there is no liability over on his part either to the judgment debtor or creditor. There can be no liability over to the judgment creditor, for the reason that the property, being exempt, could not be applied to satisfy his judgment. There can be no liability to the owner of the property, Levitt, because the latter already has the property in his possession, or it is in the possession of the deputy sheriff, who holds it for the owner. In either event, the plaintiff has a perfect and complete defense to any claim on the part of Levitt for the property seized upon the execution. This court has held that an officer has no right to maintain an action except so far is necessary to relieve all the obligations devolving on him to all parties interested in his levy. *Main v. Bell*, 27 Wis., 519. The application of that principle shows that the defendant may set up in this action the defense that the property levied on by the plaintiff on his execution was exempt, and was not liable to be applied to satisfy that writ. It is quite incorrect to say that the defendant was a trespasser, and exceeded his authority in taking the property from the possession of the plaintiff upon the writ of replevin. He obtained the property legally, so far as appears, and in fact now represents the owner. Nor do we see any ground for saying that Levitt is estopped, or the defendant for him, from claiming the privilege of the exemption, because he did not insist upon it when the levy was made. There is certainly no evidence which tends to show that Levitt at that time waived his exemption or misled the plaintiff upon that point.

It follows from these views that the judgment of the circuit court must be reversed, and a *venire de novo* awarded.

*By the Court.*— So ordered.