## NATIONAL BANK OF LANCASTER, ET AL., *v.* J. W. SLAVIN'S TRUSTEE, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—315.]

**Dower Interest of Widow.**
Where a widow conveys her dower interest in land, taking notes for the purchase price, but reserving a lien on such interest to secure the payment of the purchase money, she may enforce such lien against the creditors of her grantee; and the fact that there was included in such notes certain other indebtedness to her from such grantee will not prevent her from enforcing her lien to the extent of such purchase money, where the sum due on such lien can be ascertained.

**Homestead Claim of Bachelors.**
Bachelors residing on land with a nephew and brother cannot legally assert a homestead right, where the brother is of full age and has the mental and physical ability to maintain himself, and the nephew has parents living able to support him during his minority, and such bachelors have no control over him except such as is sanctioned by his parents.

### APPEAL FROM GARRARD CIRCUIT COURT.

October 12, 1880.

OPINION BY JUDGE PRYOR:

John L. and J. W. Slavin qualified as executors of the will of their father, Jas. G. Slavin, and sold his landed estate under a judgment of the Garrard Circuit Court. E. M. Slavin became the purchaser, and conveyance was made him retaining a lien for the pur-

chase money. Prior to the date of the sale to E. M. Slavin, the executors had purchased from their stepmother, Julia Slavin, her dower interest in the tract of land, the conveyance reciting the amount of purchase money to be paid and for which their notes were executed. Sharpe's heirs or children were the grandchildren of the testator, and J. W. Slavin, one of the executors, qualified as their statutory guardian.

E. M. Slavin conveyed to J. W. Slavin an undivided interest of one-half in the land, and in the year 1879, the two brothers becoming insolvent, made an assignment of all their estate to a trustee for the benefit of creditors. John L. Slavin having sold his interest in the land to his two brothers, the widow released him from the payment of the note executed for her dower and took from J. W. Slavin and E. M. Slavin their note for the amount, and included in this note other amounts due her unconnected with the land. The trustee filed his petition in equity, making the creditors and all parties in interest defendants with a view of having a proper distribution of the assets. The heirs of Sharpe filed an answer and crosspetition, in which they claim a lien on the land sold, and therefore a preference over other creditors. The widow asserted a lien on her dower interest and claimed priority to that extent.

The two brothers making the assignment were both unmarried but living on the land with a nephew and brother. They assert their right to a homestead.

The chancellor granted the relief sought on all the cross-petitions, and the assignee and the creditors have brought the case to this court. There is nothing in the record showing or conducing to show that any of the purchase money was paid for the land except the interest of John Slavin, and we see no reason why Sharpe's heirs should be deprived of their lien retained by the executors in the conveyance made to E. M. Slavin. After the appointment of J. W. Slavin as the guardian of Sharpe's children he made two settlements in the Garrard County Court, in which he charged himself with the interest of his wards in the purchase money owing by E. M. Slavin, and also by himself, he having become interested with his brother in the purchase. The agreed facts show that the guardian and his surety are both insolvent, but whether so or not the guardian had no right to charge himself with the amount due these infants, unless the purchase money had been paid. He attempted to make the payment in behalf of himself and brother by charging

himself as guardian with the amounts due the infants. This cannot be done, and the lien of the infants was properly enforced.

It is argued that the widow made the conveyance to the executors to enable them to pass by their conveyance the absolute title to the land. This was, no doubt, the object in view; still, the widow retained a lien on her dower interest to secure the payment of the amount due her by the executors, and this lien she can enforce unless she has by her subsequent action deprived herself of that right. John and J. W. Slavin executed to her the notes for her dower interest, and John having sold all the interest he had in the land to E. M. Slavin, the joint note of E. M. Slavin and J. W. Slavin was accepted in lieu of the original note. It was for the purchase money of the widow's dower and executed on that consideration alone, E. M. Slavin being substituted as the purchaser in lieu of J. W. Slavin. It is not pretended that it was the purpose of the parties to release the lien, or that any part of the purchase money has been paid the widow; and the acceptance of the note of E. M. and J. W. Slavin was neither a waiver of the lien or such a change in the contract as affected the rights of the widow, in her claim of priority as against the creditors of these insolvents. The fact that the note was executed for a larger amount than was really owing her on the sale of her interest does not affect her lien. The amount embraced in the note and constituting the lien was easily ascertained. There is no uncertainty in the mind of the chancellor as to the extent of the lien and the amount of purchase money, and the lien can as readily be enforced as if the consideration of the note had been evidenced by distinct obligations.

The remaining question to be considered is the claim to a homestead by the appellees. The weight of the testimony conduces to show that the brother living with the appellees, while a little eccentric, has the mental and physical ability to maintain himself; and the nephew, that one of the appellees claims to have adopted, has parents living who are able to support him. From the facts before us there is neither a material nor legal obligation on the part of the bachelor brothers, or either of them, to provide for or maintain either of these parties whose claims upon them they now insist entitle them to a homestead. The appellees have no parental control over the infant nephew, except such as is sanctioned by the parents, who can at any time assert their right to the care and custody of their child. There is no liability on the part of either to main-

tain and educate the infant, and having parents amply able to pro-. vide for all his wants it would be unjust, under the circumstances, to exempt any part of this estate for the support of this infant at the expense of creditors.

In *McMurray v. Shuck,* 6 Bush 111, the debtor had an unmarried sister and two brothers under age living with him, without means (their parents being dead), and whose support and education the debtor had assumed. In the case of *Brooks v. Collins,* 11 Bush 622, the widow had living with her a widowed daughter depending upon her for a support and maintenance, while in this case the appellees are under no legal or natural obligation to support the nephew, the father being able to provide for him, and the brother, although not willing, is perfectly able mentally and physically to support himself.

We think the court below erred in allowing the appellees a homestead, and to that extent only the judgment is *reversed* and cause remanded for further proceedings.

*Dunlap & Dunlap, Anderson & Herndon, for appellants.*

*W. O. Bradley, for Sharpes. Burdett & Hopper, for Slavins.*

[Cited, *Ramsey v. Ferguson,* 32 Ky. L. 1033, 107 S. W. 779.]