Follett, J.
Did the district court err in affirming the judgment of the common pleas? This depends upon the meaning of certain statutes of Ohio.
As between debtor and creditor, the law of Ohio makes humane provision, not so much for the debtor himself as for the benefit of his family — the wife and the children ; and does not overlook the interest of the creditor. It has sought to protect each as an honest citizen, trying to perform every obligation. And the people of Ohio look to her laws for homestead rights and judgment liens.
I. As to judgment liens on this real estate. The petition and cross petitions below set up judgments obtained before a justice of the peace, transcripts of which were filed in the office of the clerk of the court of common pleas of Allen county, where the real estate was, in October 1878 ; that William McComb, Jr., then owned the real estate, but that he sold and conveyed the same to J oseph W. Satterthwait, May 7, 1880.
Revised Statutes, section 5377, provide: “ The party in whose favor a judgment is rendered by a justice of the peace, . . may at any time after the day the judgment is rendered, if the same be not appealed or stayed, file in the office of the clerk of the court, of common pleas of the county in which the judgment was rendered a transcript thereof, having certified therein the amount, if any, paid thereon ; and thereupon the clerk shall enter the case on the execution docket, together with the amount of the judgment, and the time of filing the transcript,” etc.
“ Section 5378. Such judgment, if the transcript be filed in term time, shall be a lien on the real estate óf the judgment debtor within the county, from the day the transcript is-filed ; and if filed in vacation, the judgment shall, as against the debtor, be a lien from the day it is filed, but as against other transcript is filed in vacation, and- judgments rendered at the next term of the court, it shall be a lien only from the first day of the next term.”
“ Section 5379. Execution may be issued on such judgment at any time after filing the transcript, as if the judgment *146 bad been rendered in court; but the lien shall remain as provided in the preceding section.”
The above provisions are plain; and the facts show that the judgments became liens on the real estate in October, 1878, and the homestead was not set off and assigned until December 20, 1878, more than two months after the liens attached.
There is no question here as to whether or not a judgment lien can attach to a homestead set off on demand, as no such judgment is in this case.
It matters little whether or not at common law lands were liable to execution sales, or what rights were given by the Statutes of Westminster, 13 Elizabeth, or what statutes other states may have passed. And we do not determine what might be the best policy as to exemption laws. We have to apply the law as we understand it. And we think the judgment liens attached to the premises before the homestead was set off.
II. Did tiie liens become detached ?
The premises described in the petition were purchased by, and conveyed to, William McComb, Jr., about May, 1878; and on or about the 20th of December, 1878, the same, upon demand, were set off and assigned to William McComb, Jr., as and for a homestead.
The claim is, that by this assignment of a homestead the judgment liens became detached, and thereafter the lands assigned as a homestead were held freed of the liens.
From time to time the amount in value that could be held in a home, as against a just debt, was increased, so that in 1878 it was one thousand dollars, as is now provided in Revised Statutes, section 5435 : “ Husband and wife living together, a widow or a widower living with an unmarried daughter or unmarried minor son, may hold exemptfrom sale, on judgment or order, & family homestead not exceeding one thousand dollars in value; and the husband, or, in case of his failure or refusal, the wife, shall have the right to make the dem.and therefor; but neither can make such demand if the other has a homestead.”
Thus our laws regard a homestead as a personal privilege *147 which the husband mag fail or refuse to claim, when the wife shall have the right to make the demand, but she may- or may not exercise the right. Conley v. Chilcote, 25 Ohio St. 324; Butt v. Green, 29 Ohio St. 667; Chilcote v. Conley, 36 Ohio St. 547; Carpenter v. Warren, 38 Ohio St. 416.
Section 5438 also provides- — •“ The officer executing any writ of execution founded on a judgment or order, shall, on application of the debtor, his wife, agent, or attorney, at.any time before sale, if such debtor has a family, and if the lands or tenements about to be levied upon or any part or parcel thereof, constitute the homestead thereof, cause the inquest of appraisers, upon their oaths, to set off to such debtor, by metes and bounds, a homestead not exceeding one thousand dollars in value . . . and if no complaint be made by either party, no further proceedings shall be had against the homestead; but the remainder of the debtor’s lands and tenements, if any there be, shall be liable to sale on execution ; upon complaint of either party, and upon good cause shown, the court out of which the writ issued may order a re-appraisement and re-assignment of the homestead ; but if no applica-. tion be made during the lifetime of the debtor, it may be made by the widow of the judgment debtor at any time be-. fore a sale.” The proceedings stop, and the liens remain attached, and the homestead may be re-appraised and reassigned.
“Section 5439. When the homestead ot a debtor in execution consists of a house and lot of land which, in the opinion of the appraisers, will not bear division without manifest-injury and inconvenience, the plaintiff in execution-shall receive, in lieu of the proceeds of the sale of the homestead, the amount over and above, one hundred dollars, annually, adjudged by the appraisers as a fair and reasonable rent for the same, until the debts, costs, and interest are paid; . . . . if the rent be not paid quarterly, as above provided, or within ten days after each and every payment becomes due, the officer shall proceed and sell the homestead; . . . the-plaintiff in execution, the judgment debtor, or any other person to whom, under any law of this state, such homestead has *148 'been set off, may cause the homestead to be re-appraised once in two years, in the same manner as provided in the preceding section, and the rent shall, after such re-appraisement, be paid in accordance therewith,” etc. Here, as above, the homestead may be re-appraised, and if the proper rent be not paid quarterly the homestead may be sold for not less than its appraised value. The judgment liens remain attached ; but the proper parties may hold exempt from sale the homestead, provided the rent be paid, (if rent be due) and they hold the same for a homestead. In no place does the statute provide that judgment liens shall be detached, or that homesteads shall be held fréed of judgment liens. And section 5440 seems to include just such liens, “ When a homestead is charged with liens, some of which, as against the head of the family, or the wife, preclude the allowance of a homestead to either of them, and others' of such liens do not preclude such allowance,” etc. Judgment liens cannot destroy or disturb the home. “ The leading object of the homestead exemption is, of course, to protect the home.- — a home not for the husband alone, but for him arid his wife, and children.”' Judge J. F. Dillon. “Aplace where they, may live in society beyond the reach of financial misfortune and the demands of creditors.” Parsons v. Livingston, 11 Iowa, 106; Beecher v. Baldy, 7 Mich. 506; Robinsons v. Wiley, 15 N. Y. 489. A homestead may l>e held perfectly secure from judgment liens, even'though the judgment liens are used to preserve, for another home, some means of support.
The assignment of the homestead did not detach or remove the judgment liens.
III. Did McComb sell the land freed of the liens ?
We think the liens remained.
McComb avers, “ That for the purpose of the support of himself and family, and to furnish him means to engage in business for the support of himself and family, he sold and conveyed in fee simple, the premises described in the, petition, to Joseph Satterthwait, on the 7th day of May, 1880, for the sum of one .thousand dollars, and that he has so used the proceeds of the sale of. said premises.”
This is all we know about it. He claims he should have a *149 right to change his homestead, but does not claim he secured or tried to secure another homestead ; and he also claims he should hold a $1,000 homestead, just as the law permits him to hold $500 in lieu of a homestead, but he does not tell us whether any part of this proceeds remains for the benefit of the wife and children for whom mainly the homestead was set off. If any part be held in lieu of a homestead, it can be but five hundred dollars’ worth.
Our laws make a wide distinction between holding a homestead of one thousand dollars worth exempt from sale, and holding-in lieu of a homestead five hundred dollars’ worth exempt from levy and sale. Judgments are not liens on goods and chattels until a levy is made on them.
The statutes provide that what is held in lieu of a homestead — that with which the comforts of a home may be secured —may be held exempt from levy and sale; but that a homestead may be held exempt from sale; and do not seek to free it from the judgment liens already upon it.
And it is certain that the judgment liens, which were upon the land while a homestead occupied by McComb’s family, would remain thereon when McComb’s interest was transferred to Satterthwait, and McComb abandoned the homestead; and Satterthwait did not hold the land freed of the judgmént liens.
IY. Could the land be sold to pay the liens ?
The court did not err in setting aside the deed as to the judgments and liens thereof, and ordering the land sold for the satisfaction of the liens.
The liens were upon the land when the deed was given, and the sale of the land to satisfy the liens had been stayed only by the homestead held by McComb. McComb does not claim that he held the same as a homestead after May 7,1880, when he sold and conveyed the same to Satterthwait, and abandoned it as a homestead. No one claims that Satter-thwait held the land as a homestead for McComb or his family. Mrs. McComb had signed the deed, and abandoned the homestead. And the homestead being out of the way, there is *150 nothing shown that should longer stay the sale of what was once the homestead.
This is in accordance with Allen v. Cook, 26 Barb. 374, and Smith v. Brackett, 36 Barb. 571, and other cases.
The case of Wehrle v. Wehrle, 39 O. S. 365, is not like this case. In that case an executor sought to sell land subject to a widow’s homestead. The cases are not in conflict, but different.

There was no error, and the judgment is affirmed.