## MOYER v. DRUMMOND.

1. Where brother and sister live together in a house belonging to the latter of a rental value insufficient for her maintenance, and the brother manages the household and supports the sister, he is the head of a family, to whom as such the law allows a chattel exemption.
2. A partner may claim a chattel exemption against his individual creditors out of his interest in the partnership assets.

Before HUDSON, J., Spartanburg, April, 1889.

This was a proceeding supplementary to execution instituted in May, 1888, by the judgment plaintiff in the case of J. Moyer against J. N. Drummond. The indebtedness was $144.80, with interest from March 23, 1888, and costs. The defendant was a member of a firm, whose net assets, after deducting indebtedness, amounted to $2,315.89, of which defendant's share, less his account, was $438.75. Defendant, an unmarried man, and his unmarried invalid sister lived together. He claimed that his share of the net balance in the partnership was exempted from the claims of his individual creditors. The referee reported that

the facts did not constitute defendant the head of a family. On exceptions to this report, the Circuit Judge decreed as follows :

After hearing the report of the referee, in proceedings supplementary, and argument of counsel both for plaintiff and defendant on the exceptions filed thereto, I am satisfied that the referee is correct, and I concur fully with him in his findings of law and fact. The defendant, an unmarried man, lives with his sister in a house owned by the sister, who is also unmarried. The defendant testifies that he supports his sister, but that he pays her no board. So far as the testimony goes, there is nothing to show but that the sister owns other property. I do not see how the defendant's claim for homestead could be allowed. If the defendant and his sister, both adults, unmarried, and with no one dependent upon them for a support, could in any sense be considered as a family, there would be more force in considering the sister, the owner and mistress of the house in which they dwell, the head of the family. The only property the defendant is shown to possess is his interest in the mercantile business carried on by defendant and one Bryson, and a homestead is not allowable in partnership property.

It is ordered and adjudged, that the exceptions of both defendant and plaintiff be overruled, that the report of the referee be confirmed and made the judgment of this court. And it is further ordered and directed, that J. K. Jennings, Esq., be, and is hereby, appointed receiver, &c.

Defendant appealed on the following grounds : 1. In holding that there was nothing in the evidence to show that defendant's sister did not own other property besides the house and lot, and if either of the two was the head of the family, it would be his said sister, not himself. 2. In holding that defendant and his sister, living together, as shown by the evidence, and she dependent on him for support, did not in any sense constitute a family ; and that said defendant is not the head of a family, and entitled as such to the personal exemption allowed by the constitution. 3. In holding that even if defendant was the head of a family, he could not claim his exemption in his interest in the partnership property referred to in the evidence. 4. In adjudging that his interest in

said partnership property was liable to plaintiff's debt, and in ordering that same be turned over to a receiver.   5. In appointing a receiver.

*Messrs. Bomar & Simpson*, for appellant.

*Mr. R. K. Carson*, contra.

February 28, 1890.   The opinion of the court was delivered by

MR. JUSTICE McIVER.   This was a proceeding to subject the interest of defendant in a certain partnership, of which he was a member, to the payment of a debt due by him to the plaintiff, under proceedings supplementary to an execution.   Defendant claimed that his interest in said partnership did not amount to the sum of five hundred dollars, and was therefore exempt under the homestead laws of the State.   The Circuit Judge held that the defendant was not entitled to the exemption claimed for two reasons: 1st. Because he was not the head of a family.   2nd. Because the homestead exemption "is not allowable in partnership property."   From this judgment defendant appeals, imputing error to the Circuit Judge in both of said rulings.

The question whether one is the "head of a family," in the sense of that phrase, as used in the homestead law, is a question of law, to be determined from a consideration of the facts in a given case.   The question is, what is the legal conclusion to be drawn from the facts presented?   To determine this question, it is necessary to consider first what is meant by the phrase, "head of a family," as used in the homestead law, and then to inquire whether the facts in a given case bring the applicant within the true meaning of that phrase.   The accepted definition of the word "family," as given by lexicographers, and approved in many cases, seems to be, "The collective body of persons who live in one house, under one head or manager."   The *number* of persons thus living together is not at all important, except that there must be more than one, as it is quite certain that two persons may constitute a family, *e. g.*, husband and wife, father and child.

It is also well settled that it is not necessary that the relation of husband and wife, nor that of parent and child, should exist

in order to constitute a family. *Bradley* v. *Rodelsperger*, 3 S. C., 226; *Garaty* v. *DuBose*, 5 *Id.*, 493; *Moore* v. *Parker*, 13 *Id.*, 486; *Rollings* v. *Evans*, 23 *Id.*, 316. But where these relations are absent, we have no case in this State, so far as we are informed, which decides distinctly what other relations existing between persons living together will be sufficient to constitute a family; but, as was said by Simpson, C. J., in *Rollings* v. *Evans*, *supra*, the term "family" is not to be taken in a restricted sense, but "in its ordinary sense, which includes persons living in one house, and under one head or manager;" and as was said by Moses, C. J., in *Garaty* v. *DuBose*, *supra*: "The exemption was intended, not alone as the benefit to the head of the family, but to those whose relations to the head demand on the one hand support and protection, and on the other require a contribution, by the aid of their labor, to the maintenance and conduct of the general establishment to which they belong. * * * It would not follow that, although the head of a family might not be a parent, the one substituted as the head would lose the favor of the provision, for it would extend to one having under his roof those so connected with him by ties of residence and association, as to become part and parcel of his household, changing their domicile with him, and having no residence but that which they enjoy under his favor."

We do not think that the former Chief Justice, in using the words "*his* roof," meant to imply, as is urged by counsel for respondent, that one of the conditions necessary was that the person claiming to be the head of a family should·be the *owner* of the house in which the collective body of persons, alleged to constitute the family, resided; for, as matter of fact, it is well known that many persons, who are undisputed heads of families, reside in houses which they do not own, but which are owned by their wives. Nor do we think that it is necessary that there should be any *legal* obligation on the part of one claiming to be the head of a family to support the members thereof; but a moral duty, arising from ties of blood, or possibly other similar relations, will be sufficient. As is said in 7 Am. & Eng. Encycl. L., 804, note 2, "the test of a *legal* duty has been rarely applied, and unquestionably a *moral* duty to support the members of a

family is sufficient to constitute one its head," citing Thomp. on Homest., section 45. Accordingly we find that it has been held in *Arnold* v. *Waltz* (53 Iowa, 706; s. c., 36 Am. Rep., 248), that an unmarried woman keeping house, and there bringing up two children of her deceased sister, is the head of a family, though she has taken no steps to adopt said children under the statute of that State; in *Wade* v. *Jones* (20 Mo., 75), that a brother living with his widowed sister and her four small children and providing for them is the head of a family; in *Bailey* v. *Cumings* (16 Nat. Bank Reg., 382), that a bachelor who supports a widowed sister who keeps house for him may be the head of a family.

We are inclined to agree with what is said by Anderson, J., in *Calhoun* v. *Williams* (32 Gratt., 18; s. c., 34 Am. Rep., 759): "The whole theory and policy of the homestead (law) is founded upon the principle that there is a natural and moral obligation on the head of a family to provide for the support of his wife and children and other persons dependent on him, towards whom he stands almost *in loco parentis*, which is, if not paramount, equal to his obligation to pay his debts. * * * The family may consist of a wife and children, or of other persons who may stand in a state of dependence in the family relation; or it may consist of persons standing in either of these relations, whether the father or mother, or a brother or a sister or other relation, is the head; but they must be persons who are dependent, in some measure, on the head for support, and who have an interest in his holding his property, and would be prejudiced by its seizure and sale under execution or other process, and who would be benefited by its exemption."

Testing this case by these principles, we think it clear that the defendant must be regarded as the head of a family, and as such entitled to the exemption claimed. The undisputed testimony of the defendant is: "My sister and myself live together as one family; have so lived for 8 years; she is sickly; she has nothing now but the house and lot; she has no other close relatives except myself; I support my sister and run the establishment; have one servant hired; my sister is dependent upon me for a support, and I support her as a part of my family." Another witness says: "Drummond and his sister live together—he 'sup-

ports her.' " It seems to us clear that this testimony is quite sufficient to show that these two persons, bearing the close relation of brother and sister, live together as one family ; that she is dependent upon him for a support which he provides for, and that he, as the head of the household, manages and controls, hires the necessary servants, and provides for the table, &c., she doubtless keeping house for him, though that fact is not explicitly stated. It is true that the sister owns the house in which they live, but this manifestly would not afford this invalid female the barest support, for the testimony is that it would not rent for more than twenty-five dollars a year, and she is therefore clearly dependent upon her brother for the means of living.

The only other inquiry is, whether there was error in holding that a homestead exemption is not allowable in partnership property. We see nothing in the constitution or statutes which limits this exemption to personal property held in any particular manner. On the contrary, the language of the constitution, since the amendment of 1880, is very general in its character, and must be regarded as embracing any species of personal property, whether held in severalty, or in common, or in any other manner. This is in accordance with the principles decided in *Nance* v. *Hill*, 26 S. C., 227, and *Mellichamp* v. *Mellichamp*, 28 *Id.*, 125, where the right to a homestead in property held in common was recognized. It is true that there may be, as in the cases cited, a practical difficulty in assigning or setting apart to a claimant of such an exemption in partnership property the particular property exempt, but that difficulty does not present itself in this case.

The judgment of this court is, that the judgment of the Circuit Court be reversed.

MR. CHIEF JUSTICE SIMPSON concurred, but MR. JUSTICE McGOWAN did not concur.