## In re MORRISON.

(District Court, E. D. Arkansas, W. D. October 2, 1901.)

BANKRUPTCY—HOMESTEAD EXEMPTION—HEAD OF FAMILY.

Under Const. Ark. art. 9, § 3, which exempts the homestead of any resident of the state "who is married or the head of a family," an unmarried man who owns a house, in which he resides with his widowed mother and minor brother, who are not able to support themselves unaided, and to whose support he contributes from his wages, is the head of a family, and is entitled to the exemption of his homestead in bankruptcy.

In Bankruptcy. On review of decision of referee.

The facts as found by the referee in bankruptcy, and to which no exceptions are taken, are substantially as follows: The bankrupt is 26 years old, an unmarried man, and the owner of a lot, with a small house thereon, which he claims as exempt as his homestead. He purchased it with the proceeds of a legacy left him by an aunt about 5 years ago. He resides on the property, and has with him his widowed mother and a half-brother, who is now about 16 years of age. The bankrupt is a fireman on a railroad locomotive, and contributes to the support of his mother and half-brother. Immediately after his purchase, he and his mother and her husband, who was the step-father of the bankrupt, as well as her youngest son, moved into the house with the bankrupt. Her husband died soon thereafter, and the mother and half-brother have lived there with him ever since, without paying any rent, but, on the contrary, receiving assistance from the bankrupt, in order to enable them to live with some degree of comfort. The mother has a small income from the sale of milk and butter, she being the owner of a cow, and she is also the owner of a horse. The bankrupt resides there with them, his mother keeping house. The referee also finds that the mother is 57 years old, is in poor health, and has no means of her own. The young brother has about $200 in money, which has been loaned out by his guardian, and the interest as collected is paid to the mother. He is in poor health, and does not earn sufficient to support himself. On these facts the referee (E. W. Kimball, Esq.) decided that the bankrupt is the head of a family, within the meaning of the laws of the state of Arkansas, and entitled to the homestead exemption. The creditors of the bankrupt ask a review by the court of this decision of the referee.

J. A. Comer, for creditors.
F. G. Fulk, for bankrupt.

TRIEBER, District Judge (after stating the facts). The constitutional provision of the state of Arkansas is as follows:

"The homestead of any resident of this state who is married or the head of a family shall not be subject to the lien of any judgment or decree of any court or to sale under execution or other process thereof, except," etc. (the exceptions not being applicable to the case at bar). Const. Ark. art. 9, § 3.

The only question to be determined is whether the bankrupt, upon the facts of this case, is "the head of a family," within the meaning of this constitutional provision. The question has never been directly passed upon by the supreme court of Arkansas, but a careful review of all the decisions of that court in relation to homestead exemptions shows that these laws have always been liberally construed; and in two instances, while not properly before the court, it was intimated that one situated as the bankrupt is would be deemed "the head of a family." In Greenwood v. Maddox, 27 Ark. 648, the court said, where an unmarried man had living with him his sisters who were orphans, that:

"The court below might well have found, upon these facts, that Toms was the head of the family. He succeeded his deceased father in the care of his minor sisters, who continued to live with him in the family mansion when not at school." Greenwood v. Maddox, 27 Ark. 658.

In Patrick v. Baxter, 42 Ark. 175, the court cites approvingly from Thomp. Homest. & Exemp. § 60, that:

"It may be that an unmarried man, who has an aged mother living with him in his house, dependent upon him, and whom he is supporting, is the head of a family, within the meaning of the constitution."

While it is true that these are mere dicta, and were not necessary for the determination of the issues then before the court, yet they are entitled to high consideration from this court, as showing the leaning of the highest court of the state in the construction of these provisions of the state constitution. The term "head of a family" should be given a broader construction than merely applying it to the husband or father, and, while it is true that there is some conflict of authority as to whether an unmarried man can be the head of a family, the weight of authority is in favor of considering every person the head of a family who keeps house, and has living with him and is supporting some persons whom it is either his legal or moral duty to support. Harbison v. Vaughan, 42 Ark. 539. Thus, in Tennessee, Chancellor Cooper, in Ex parte Brien, 2 Tenn. Ch. 33, held that a widow keeping house upon the farm without any children of her own, but with orphan children of a deceased sister, dependent upon her, is the head of a family, within the meaning of the homestead laws of that state, which is limited to the head of a family. To the same effect, see, among other decisions, Marsh v. Lazenby, 41 Ga. 153; Blackwell v. Boughton, 56 Ga. 390; Cox v. Stafford, 14 How. Prac. 521; Connaughton v. Sands, 32 Wis. 387; Wade v. Jones, 20 Mo. 75, 61 Am. Dec. 584; Parson v. Livingston, 11 Iowa, 104, 77 Am. Dec. 135; Seymore v. Cooper, 26 Kan. 539; McMurry v. Shuck, 6 Bush, 111, 99 Am. Dec. 662; Moyer v. Drummond, 32 S. C. 165, 10 S. E. 952, 7 L. R. A. 747, 17 Am. St. Rep. 850; Thomp. Homest. & Exemp. §§ 55–60. Even if there be no statutory obligation, there is a moral

obligation on the bankrupt to support his old, widowed mother, which is sufficient, according to these authorities, to constitute him the head of a family, within the meaning of the provisions of the constitution of Arkansas. It may be that the filial affection of the bankrupt for his mother may have prevented him from marrying. To take from him this home would deprive his aged mother and young brother of a shelter, and defeat the beneficent intention of the framers of our constitution. Earning but scant wages as a fireman, his actions in thus furnishing a home for his mother and brother and contributing to their support are commendable, and, in the opinion of this court, constitute him the "head of a family," within the true meaning of the constitution of the state of Arkansas. There was no error in the conclusions of law reached by the referee, and his judgment is approved.