## THE HOMESTEAD CASES.

### ALEXANDER WILSON v. JOHN L. COCHRAN ET AL.

The 22d section of the VIIth article of the constitutions of 1845 and 1866 read as follows: "The legislature shall have power to protect by law from forced sale a certain portion of the property of all heads of families. The homestead of a family, not to exceed two hundred acres of land, (not included in a town or city,) or any town or city lot or lots in value not to exceed $2,000, shall not be subject to forced sale for any debts hereafter contracted, nor shall the owner, if a married man, be at liberty to alienate the same, unless by the consent of the wife, in such manner as the legislature may hereafter point out." * (Paschal's Dig., pp. 65–941.) This protection requires no aid from the legislature. It is against all invasion by our legal process.

The homestead is the sanctuary of the family; not merely of the head, but of all its members, whether consisting of husband, wife, and children, or any

---

* The constitution of 1869, Article XII, reads thus:

"SEC. 15. The legislature shall have power, and it shall be their duty, to protect by law from forced sale a certain portion of the property of all heads of families. The homestead of a family, not to exceed two hundred acres of land, (not included in a city, town or village,) or any city, town, or village lot or lots, not to exceed $5,000 in value at the time of their destination as a homestead, and without reference to the value of any improvements thereon, shall not be subject to forced sale for debts, except they be for the purchase thereof, for the taxes assessed thereon, or for labor and materials expended thereon; nor shall the owner, if a married man, be at liberty to alienate the same, unless by the consent of the wife, and in such manner as may be prescribed by law."

other combination of human beings, living together in a common interest and having a common object in their pursuits and occupations.

If the property belong to one or all of the family so living together, it is not subject to forced sale.

"Family" is used in its comprehensive sense, and embraces a collective body of persons, living together in one house, or within a curtilage, in legal phrase. It embraces the household, composed of parents and children, or other relations, or domestics and servants.

A single man, who had sometimes occupied a house and lot as a sleeping place, never having servants or any person connected with him residing on it, and who had rented out the place when the execution was levied, had no claim as a family, and the property was subject to forced sale.

APPEAL from Brazoria. The case was tried before Hon. BENJAMIN SHROPSHIRE, one of the district judges.

The facts are sufficiently stated in the opinion of the court.

*Eugene Wilson*, for appellant, relied upon Philleo v. Smalley, 23 Tex., 302; Franklin v. Coffee, 18 Tex., 417.

*Lathrop & McCormick*, for appellee.

LINDSAY, J.—A judgment having been recovered against the appellant by John L. Cochran, at the spring term, 1867, of the district court of Brazoria county, an execution issued thereon, and was levied upon four town lots, and the improvements, in the town of Brazoria. The appellant sued out a writ of injunction against the execution, alleging, in his petition to obtain it, that the lots and improvements were his homestead, and did not exceed in value the sum of $2,000. In his petition the sheriff alone was made a party defendant in the suit. The plaintiff in the execution, who ought also to have been made a defendant, without citation, appeared and made himself a party defendant, and was, in fact, the real party in interest. He filed his answer, denying that the property levied on was the homestead of the appellant.

The demurrers, both to the petition and the answer, became unimportant in the case, as there was an issue of fact finally made, upon the question of the homestead, for the determination of the court. The allegations of the petition, if unqualified and uncontradicted by counter-statements, were sufficient to authorize the granting of the injunction. Those allegations were, however, traversed by the answer, and made an issue of fact, to be determined by the evidence on the hearing of the motion to dissolve the injunction. · The simple issue is, was it a homestead in fact, within the meaning of the constitution of the state?

The facts are, substantially, that the appellant acquired the property by devise, in the year 1855; that there was a house upon one of the lots at the time of the acquisition; that the appellant occupied it as a sleeping apartment, or dormitory, from 1855 to 1865; that he erected a new house thereon in 1866, designing it as his dwelling and furnishing it as such, building a kitchen, putting up a cooking-stove, &c., and intending to occupy it as a dwelling; that he leased out the premises since the year 1866; that the whole of the lots and improvements do not exceed in value $2,000; that the lessee was required to make other improvements; that the appellant is a single man, and has never had wife nor children, nor had he, at any time, domestics, or servants, upon the premises, but that he occupied the premises alone, and ate elsewhere; that, at the institution of the suit and at the obtention [?] of the judgment upon which the execution enjoined was issued, he did not live there, nor has he lived there since.

The constitution protects from forced sale the homestead of a family. This protection requires no aid from legislation. It is made secure, by the fundamental law of the state, from all invasion by any legal process, and is intended to be made, by this constitutional provision, the inviolable sanctuary of the family: not merely the head of the family, but of all its members, whether consisting of

husband, wife, and children, or any other combination of human beings, living together in a common interest and having a common object in their pursuits and occupations. Such a combination of persons, thus circumstanced, necessarily constitute a family. And if the property on which they are domiciled belongs to either, or to all, so living together, it equally comes within the purview of the constitutional guaranty, and is in fact a homestead, and cannot be subjected to forced sale. It is the homestead of a family, and not the head of the family simply, which is protected. What constitutes a family? Lexicographers, from whom, in our literary education, we derive all our knowledge of the correct import of words, tell us that the word "family," in its origin, meant servants; that this was the signification of the primitive word. It now, however, has a more comprehensive meaning, and embraces a collective body of persons living together in one house, or within the curtilage, in legal phrase. This may be assumed as the generic description of a family. It may, and no doubt does, have many specific senses in which it is often used, arising from the paucity of our own as well as of all other languages. Examining and criticizing the word in all its specific uses and appropriations, it will be most obvious that it was in none of these specific senses the term family was used in the constitution. Its use, in such a sense, would have been objectless and nugatory, because it would be wholly impracticable in its application to the civil affairs of mankind. It was most certainly used in its generic sense, embracing a household, composed of parents and children, or other relatives, or domestics and servants: in short, every collective body of persons living together within the same curtilage, subsisting in common, directing their attention to a common object, the promotion of their mutual interests and social happiness. These must have been the characteristics of the "family" contemplated by the framers of the constitution in engrafting this provision

upon it.   It is, besides, the most popular acceptation of the word, and is more fully in unison with the beneficent conception of the political power of the state, in making so humane and so wise a concession as that of the inviolability of a homestead from all invasion by legal process.

The facts in this case, however, do not bring the appellant within the scope of this constitutional protection.   He does not appear to have had any family, either in a popular, legal, or constitutional sense, living upon the premises, at any time, from the acquisition of the property down to the trial of the cause.   He therefore cannot claim an exemption of the property from the satisfaction of his just debts. Wherefore, the judgment is

AFFIRMED.