SAMUEL H. BLACKWELL, plaintiff in error, *vs.* JOHN A. BROUGHTON *et al.*, defendants in error.

1. An application for a homestead, alleging that the applicant is the head of a family consisting of his indigent daughter and her children, dependent upon him, is not demurrable on general demurrer and should not be dismissed; if the allegation be not clear that the daughter was a widow, it was amendable, and on special demurrer it could have been so amended.

2. It was decided in *Marsh vs. Lazenby, 41 Georgia Reports, 153,* that the head of a family consisting of a mother and sisters was entitled to a homestead; the principle there decided covers, in reason and spirit, this case.

3. On such an application the true issue is whether the applicant was *bona fide* the head of such a family, whether this widowed daughter was legitimately and honestly, and without regard to this debt, a member of his family, or was fraudulently made a member thereof to avoid the payment of the debts of the applicant; if the former, he is entitled to his homestead; if the latter, he is not; and this issue is for the jury on the appeal from the ordinary.

Homestead. Demurrer. Before Judge BARTLETT. Jasper Superior Court. October Term, 1875.

Reported in the opinion.

KEY & PRESTON, by JACKSON & LUMPKIN, for plaintiff in error.

C. L. BARTLETT ; F. & C. W. JORDAN, for defendant.

JACKSON, Judge.

1. This was an application for a homestead which came up on appeal from the ordinary to the superior court of the county of Jasper. The applicant alleged that he was the head of a family, that the family consisted of " his adult daughter, Nannie A. Bowdin and her three minor children, who are in in-

digent circumstances and dependent upon him for a support; are members of his family and living in his household; have no property and are unable to support themselves by reason of physical inability." The application containing this allegation was dismissed on general demurrer, the applicant excepted, and the naked question is this: Is a father who has his adult daughter and her three children, all totally dependent upon him for a support, living with him in his house, the head of such a family as, in the sense of the constitution of 1868, entitles him to a homestead? It will be observed that it is not alleged that the daughter is a widow, but she bears a different name from the father, has no property, is entirely dependent on him for support, and the inference is very strong that she is a widow. If she is not, and this were the ground of demurrer, it should have been demurred to *specially*, and if consistently with the truth it could have been done, the defect was curable by amendment. We assume then, that she is a widow, and consider this the question: Is a father, who has living in his house with him a widowed daughter and her infant children, entitled to a homestead?

2. It was unanimously ruled by this court in *Marsh vs. Lazenby*, 41 *Georgia Reports*, 153, that the unmarried head of a family, consisting of his mother and sisters, was entitled to a homestead. We think that case, in principle, covers this. It would be difficult to show to any rational mind and sound judgment, that a man is under greater obligation to support *in his house*, his mother than his daughter, and whilst the tie between brother and sister is close, that between parent and grand-children is still closer. It is true, that *Marsh vs. Lazenby* is put mainly upon the obligation to support the mother, yet the head-note and the facts show that the sisters were also included in the family of which the brother was the head; nor does it appear in that case that the mother or sisters were unable to maintain themselves. In the case at bar, it does appear that they are indigent, incapable of work from physical inability, and wholly dependent upon the head of the family. In so far as a daughter is as near to one's heart as

his mother, and grand-children nearer than sisters, and those destitute of property and unable to work, more appropriately within the beneficent principle on which the constitution provides a homestead, this case is-stronger than *Marsh vs. Lazenby.* If the family in whose behalf a homestead can be set apart must consist of those whom the head is under the strictly legal obligation to support, the father is as much bound to maintain *in his house* his daughter, as his mother; the former is more naturally a member of his household where she was born, than the latter, who raised him under a different roof-tree, that of his father, and only on the death of her husband, lived with the son. The whole court *is of opinion that the* case cited covers this, and our judgment is unanimous.

3. Of course the applicant must be the *bona fide* head of this family; that is to say, it must appear to the satisfaction of the jury, on the trial, that the daughter and her children were legitimately members of the family, had been so long enough and under circumstances to show that they were not brought into the household of the applicant on purpose to avoid the payment of debts, but in good faith and honestly were members of the family.

For myself, independently of the case in 41*st Georgia Reports,* I think daughters of any age living with the father *bona fide* in his house, or little grand-children living there, and dependent upon the grand-father, whether the mother be living or dead, would constitute a family in the sense and spirit, in the true intent and meaning of the constitution of 1868; and such a head of such a family, *bona fide* constituted, and not gathered for the moment to defraud creditors as a mere trick or sham, would be entitled to his homestead. In the meaning of the constitution, it might well, I think, be held that children included grand-children, and if they lived with the grand-father and were dependent upon him, they would be as much his family as his own children. Nor do I think that the framers of the constitution meant to break up a man's family just as soon as his wife died and his children became of age. If they had all left him, their voluntary de-

parture would have broken it up; if they remained with him, especially daughters dependent upon him as much when twenty-one as when twenty, they would still be, in the sense of the constitution, a legitimate and component part of his family, and he would be entitled in law to a home for himself as their head, and for them as his household.

Let the judgment be reversed.