## Case No. 1,090.

### In re BASHFORD.

[2 N. B. R. 73, (Quarto. 26.)]

District Court, S. D. New York. Aug. 6, 1868.

BANKRUPTCY — DEBT CREATED BY FRAUD — DISCHARGE OF BANKRUPT.

=====

BASHORE, (SHRYOCK v.) See Case No. 12,-820.

BASKET, (CHANEY v.) See Case No. 2,595.

BASKET, (HASSELL v.) See Case No. 6,-198.

=====

## BASKETS OF.

[Note. Cases cited under this title will be found arranged in alphabetical order under the quantity or number of baskets.]

=====

## Case No. 1,091.

### In re BASS.

[3 Woods, 382;[1] 15 N. B. R. 453; 9 Chi. Leg. News, 303.]

Circuit Court, S. D. Georgia. April Term, 1877.

BANKRUPTCY — HOMESTEAD EXEMPTION — WAIVER BY BANKRUPT.

1. The homestead secured to the head of a family by the state law is excepted by section

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

14 of the bankrupt act (Revised Statutes, section 5045) from the operation of the conveyances made to the assignee, and is not subject to the jurisdiction of the bankrupt court, but must be pursued by those having claims against it in the proper state tribunals.

2. The fact that the bankrupt has in a particular case waived his right to the exemption, or that the homestead was not ascertained and set out in severalty before the proceedings in bankruptcy were begun, does not change the rule.

[Approved in Byrd v. Harrold, Case No. 2,269.]

In bankruptcy. This was a petition filed by [John F. Picket] the assignee in bankruptcy to review the decision [unreported] of the bankrupt court denying an order asked for by the assignee, directing him to "sell sufficient of the property of the bankrupt, [Miles Bass,] in which the homestead exemption had been waived, to satisfy the claim in favor of which the waiver had been made." [Affirmed.]

Mr. Allen Fort, for the assignee:

1. A waiver of the homestead exemption is valid and binding in Georgia, and the debt in favor of which the waiver is made may be enforced against the exempted property: Bush v. Lester, 55 Ga. 579; Simmons v. Anderson, 56 Ga. 53; In re Solomon, [Case No. 13,166.] 2. The assignee is only bound to set apart such a homestead as was exempt by law in 1871. At that date a waiver of the homestead was binding on the debtor. 3. The district court has jurisdiction complete in all matters relating to the bankrupt estate, as well for the purpose of enforcing liens and equitable mortgages on the bankrupt's exemption property as for the distribution of whatever surplus there may be, as assets.

Mr. Simmons, for bankrupt:

1. A waiver in law, to be valid, must be made with the same solemnities as are necessary to create an estate in land. There was no such waiver in this case. 2. The court has no jurisdiction of the matter. In re Hunt, [Case No. 6,883;] In re Lambert, [Id. 8,026;] In re Poleman, [Id. 11,247.]

BRADLEY, Circuit Justice. The only property possessed by the bankrupt in this case, beyond the articles exempted by the bankrupt act (amounting to five hundred dollars in value) was claimed by him as homestead property, under the constitution and laws of Georgia, and therefore exempt from the claims of ordinary creditors by the state law, and it is conceded that if this homestead claim is admissible, the property is covered by it. But only one creditor has proved under the bankruptcy, being a partnership firm, one of whom was appointed assignee. This debt is represented by several promissory notes of the bankrupt, each of which contains an agreement to waive and renounce the maker's right to homestead and exemption in his property as against that contract. The assignee applied for an order to sell the prop-

erty in question, notwithstanding the claim of the homestead right, and free and discharged therefrom. The district judge refused so to order on the ground taken by the district court, of this and other districts, that the homestead secured to a person by the state law is excepted by the fourteenth section of the bankrupt act (Rev. St. § 5045), from the operation of the conveyance made to the assignee, and is not subject to the jurisdiction of the bankrupt court, but must be pursued by those who have claims against it, in the proper state tribunals.

I think the position taken by the district judge is correct. Not only is all property exempted by state laws, as those laws stood in 1871, expressly excepted from the operation of the conveyance to the assignee, but it is added in the section referred to, as if ex industria, that "these exceptions shall operate as a limitation upon the conveyance of the property of the bankrupt to his assignee, and in no case shall the property hereby excepted pass to the assignee or the title of the bankrupt thereto be impaired or affected by any of the provisions of this title." In other words, it is made as clear as anything can be, that such exempted property constitutes no part of the assets in bankruptcy. The agreement of the bankrupt in any particular case to waive the right to the exemption makes no difference. He may owe other debts in regard to which no such agreement has been made. But whether so or not, it is not for the bankrupt court to inquire. The exemption is created by the state law, and the assignee acquires no title to the exempt property. If the creditor has a claim against it he must prosecute that claim in a court which has jurisdiction over the property, which the bankrupt court has not. Nor does it make any difference that the homestead was not ascertained or set out in severalty until after the proceedings in bankruptcy were commenced, or until after the conveyance to the assignee was executed. Whenever properly claimed and designated, the exemption protects it, and the exception created by the bankrupt act relates back to the conveyance and limits its operation. Though not designated when the conveyance was executed, it was capable of being designated, and on the principle that id certum est quod certum reddi potest, it is as much entitled to the benefit of the exception as if it had been designated and set apart before the bankruptcy occurred. And here it is proper to remark that the assignee in this case misconceived his duty and powers when he assumed to judge that the bankrupt was not entitled to a homestead. That is for the court to say, and not for him. It was his business to report to the court whether the property claimed as homestead was or was not within the limit of value which the laws of Georgia allow for that purpose. Unless the court has this information, it cannot determine whether the property claimed is fairly within

the allowance for homestead or not, and whether it has jurisdiction over the property or not. What equities might arise if there were several creditors, and some of them had a lien or claim against the homestead property, and the others not, it is not necessary to decide. Those who had no such claim might, perhaps, properly object to those having such a claim being allowed to come in for a dividend against the general assets, until they had first exhausted their remedy against the exempted property, on the principle of marshaling assets. This would depend on the question whether the equity of the general creditors is superior to that of the bankrupt and his family in reference to the right of homestead and exemption. In some cases at least the equities might perhaps be equal, in which case the court would not require the assets to be marshaled. But even where the right to marshaling existed the bankruptcy court could not assume jurisdiction of the exempted property and order it to be sold, but would require the favored creditor to pursue his remedy against such property in a forum that could lawfully reach it. The decree of the district judge is affirmed with costs.