Haslam vs. Campbell & Jones.

## HASLAM vs. CAMPBELL & JONES.

1. During the continuance of the homestead estate no remainder or reversionary interest in the head of the family is subject to levy and sale.
2. The homestead estate does not terminate so long as the wife lives as a widow, though there be no family but herself.
3. A levy upon "the remainder after the termination of the homestead estate," admits the validity of such estate, and on the trial of the issue whether such remainder is subject, the validity of the homestead cannot be questioned.
4. Where another distinct tract is levied on and tried in the same claim case with the remainder after homestead, and the jury has found that tract subject, and the presiding judge approves the finding, and the evidence is sufficient to support and sustain the finding, this court will not interpose to grant a new trial in regard to that portion of the verdict, the issues and evidence being distinct and separate as to the two tracts of land.
5. The parties as well as the subject matter of the former trial must be substantially the same, before the testimony of a witness since deceased, had on the first, can be used on the second trial.

Homestead. Estate. Levy and sale. Estoppel. New trial. Evidence. Before Judge CRISP. Houston Superior Court. November Adjourned Term, 1877.

Reported in the opinion.

ELI WARREN ; W. S. WALLACE, for plaintiff in error, cited as follows : (Good title in wife to lot conveyed,) 26 *Ga.*, 401 ; 15 *Ib.*, 570 ; 20 *Ib.*, 689 ; 25 *Ib.*, 684; 53 *Ib.*, 155 ; 8 *Ib.*, 258 ; 11 *Ib.*, 459 ; 17 *Ib.*, 217 ; 22 *Ib.*, 330 ; 57 *Ib.*, 412 ; Code, §1754. (Verdict against evidence, etc.,) 4 *Ga.*, 428 ; 36 *Ib.*, 280, 362 ; 19 *Ib.*, 432 ; 26 *Ib.*, 528 ; 32 *Ib.*, 376, 367, 396, 409 ; 14 *Ib.*, 118, 596. (Homestead not subject,) Code, §2002, 2027, 2024 ; Dwarris on Stat., 39–52 ; 47 *Ga.*, 629 ; 3 *Ib.*, 146–55 ; 3 Dallas, 365 ; 2 Cranch, 53, 358 ; 2 Pet., 662. (Evidence of the dead witness,) 27 *Ga.*, 525 ; 57 *Ib.*, 412.

C. C. Duncan; R. F. Lyon, for defendants, cited as follows: lot conveyed subject, Code, §1753; 59 *Ga.*, 69; 57 *Ib.*, 235, 412; Code, §§3580, 2685; Cobb's Dig., 494–7; 5 *Ga.*, 157; 20 *Ib.*, 286; 9 *Ib.*, 84; 37 *Ib.*, 660. Reversion subject, 47 *Ga.*, 629; 56 *Ib.*, 359; Code, §§2002, 2005, 2024, 5135; acts, 1876, p. 49; 42 *Ga.*, 405; 40 *Ib.*, 173; 50 *Ib.*, 109; 54 *Ib.*, 616; 56 *Ib.*, 520. Brief of evidence inadmissible, Code, §3783.

Jackson, Judge.

Campbell & Jones levied a *fi. fa.* upon five hundred and seventy-eight acres of land, and the remainder interest in four hundred and seventy-seven acres of land in Houston county, after the termination of the homestead estate of the family in said four hundred and seventy-seven acres, as the property of Geo. S. Haslam, Sr.; and the same was claimed by him as not his own property, but as belonging to his wife, the first part by deed from him to her, and the latter by being set apart as a homestead, and therefore not liable to levy and sale. The jury, under the charge of the court, found all the land, including the remainder after homestead, subject; the claimant moved for a new trial, the court refused it, and this is the error assigned.

1. The court charged that the remainder interest in the tract of four hundred and seventy-seven acres was subject to levy and sale at this time. Under the decision in the case of *Jolley vs. Lofton*, at the present term, this charge was erroneous, and in regard to that tract of land the judgment is reversed.

2. It is said that the homestead estate terminated when Haslam died, (who it seems died during the pendency of this claim) although he left a widow, and that therefore this case is not within the ruling of *Jolley vs. Lofton.*

We think that under the constitution of 1868, the real use of the property was in the wife and children, the family of Haslam, and that his death did not defeat their equitable title. So long as Mrs. Haslam lives the homestead con-

tinues for her benefit, though no child was left and the husband was dead. So long as any one of the family for whose use and benefit the homestead estate was created shall survive, either the wife or one of the dependent minor children, and especially the widow, the homestead estate is not terminated; and the creditor of the mere holder of the legal estate may not molest the real, equitable owner in the entire enjoyment of the estate, which, under the constitution of the state, is set apart for all of the family and each member thereof. And no officer of this state can levy upon or otherwise interfere with it, seems to us to be the true intent and meaning of the constitution. Code, §5135.

If the remainder were sold, the remainder-man would have rights in respect to the property wholly inconsistent with the idea of a permanent home for the family, and he would be entitled to interfere with their enjoyment of it in cutting down timber or moving houses, or complete ownership of the property which the constitution designed to secure to the family without let or hindrance from any court or ministerial officer thereof. Besides, the purchaser of the remainder might take homestead in his remainder for his own family, and thus estates would twist into estates until the labyrinth would be so intricate as to be inextricable, and the knot never could be untied. In addition to all this, the interest in remainder would be so contingent and shifting and uncertain, that it would be unjust to the debtor as well as to the general creditors to force the sale until the homestead terminated.

So that for wise reasons we think the framers of the constitution have, in express terms, prohibited all interference with such property, by declaring that "no court or ministerial officer in this state shall ever have jurisdiction or authority to enforce any judgment, decree or execution against said *property* so set apart, including such improvements as may be made thereon, from time to time, except for taxes, etc., etc." Therefore it seems clear that this anomalous homestead estate is not put exactly on the footing of an es-

tate for life or for years, but that it is an absolute use and enjoyment of full property, at least as long as the family in any legitimate sense of the word family, or any member thereof, shall survive, " for the sole use and benefit of said families as aforesaid," being the language of the constitution.

3. It has been further insisted that this homestead is not set apart so as to have vested the title in the family, but in respect to all objections thereto, the levy would seem to waive them, inasmuch as the remainder after the termination of the homestead is alone levied on. That only is in issue here, the remainder, and the levy thereon necessarily admits the existence and validity of the pre-existing particular estate to support the remainder, and the levy itself says that such estate is a homestead.

4. In regard to the other lands levied upon, we cannot see that the court was wrong in overruling the motion for the new trial. Taking all the facts together, it looks very much like an intent on the part of Mr. Haslam to dispose of his property so as not only to hinder and delay, but to defeat creditors.

It is conceded in the brief of the testimony that defendants in error were creditors when the deed was made by Haslam to his wife; and whether Haslam owed his wife or not on the claim she held upon him for her share of her father's estate, turned upon whether he had reduced that share to possession as his own or as hers, under the decision in *Sperry & Niles vs. Haslam*, 57 *Ga.*, 412, and that question was fairly submitted to the jury.

Mr. Haslam, the elder, who swore in the case of *Sperry & Niles* was dead when this case was tried, and the testimony of young Haslam was by no means clear that his father reduced that share to his possession for his wife, and treated it as the agent of his wife. These transactions between husband and wife should be closely scanned, and the jury and presiding judge did not err in such manner that this court will interfere, in concluding that the conveyance was voluntary, and void as to these creditors.

5. The case now before us not being between the same parties as the case of *Sperry & Niles vs. Haslam*, the court did right to reject the testimony of the elder Haslam, since deceased, taken in that case. Code, §3782.

The judgment therefore is affirmed in so far as it relates to the land of which the levy is upon the entire estate, and reversed as to the subjection to the *fi. fa.* of the remainder after termination of the homestead estate.

Affirmed in part and reversed in part.