Venable *vs.* Everett *et al.*

---

## Venable *vs.* Everett *et al.*

Equity will not interfere by injunction with an exemption of personalty at the instance of a judgment creditor who has a lien only on the reversion thereof.

Equity. Injunction. Homestead. Before Judge Hill-YER. Fulton Superior Court. September Term, 1879.

Reported in the opinion.

Hoke Smith, for plaintiff in error.

S. D. McConnell, for defendants.

Jackson, Justice.

This is an application for an injunction to prohibit the head of a family, who has an exemption of personalty under the constitution of 1877, from selling the jewelry of which the exemption consists, and thereby carrying on

the occupation of a jeweler for the benefit of his household.

Pretermitting the question whether or not a tradesman can exercise his calling in trafficking with such a stock of goods exempted under the constitution of 1877, we are clear that this creditor, who has a very remote interest in the remainder or reversion of the estate, and that not as a remainderman or reversioner, but merely as a creditor of the reversioner or remainderman, no title but merely a remote lien, has no right to ask the aid of the harsh remedy of injunction. We do not know that in any case a creditor of the remainderman or reversioner has been permitted to interfere with a life tenant. Certainly, where the estate of the tenant is homestead, or exemption carved out of property for the sole use of the family during its existence, there cannot be such interference. It would destroy, or greatly mar, the estate made for the family, if it were permitted. The pittance of sixteen hundred dollars would soon be exhausted in law suits, and legitimate use, it may be, of the constitutional provision be annihilated. This homestead or exemption has been held so sacred by us that a judgment creditor with execution issued has not been allowed to levy on the reversion or remainder during the family tenancy. *Harlam vs. Campbell & Jones*, 60 *Ga.*, 650; *Jolly vs. Lofton*, 61 *Ga.*, 154. If the reversion cannot be levied on because no court can enforce any judgment or decree against the homestead or exemption, and because of the labyrinth of embarrassments into which it might involve the family estate, can the estate be interfered with by the same creditor in equity so as to annoy the family in the use of their property? We think not. If the family estate should be illegally used, the *cestuis qui trust* certainly, or the actual remainderman or reversioner *perhaps*, might interfere, Code, §3031; but the creditor, under the principle ruled in the cases cited, can not. The very object of the exemption is to defeat the creditor. The whole spirit of the provision in the constitution is to

provide for the family in the teeth of his lien and against his interests; and it would be strange if courts, either of law or equity, would aid him to embarrass the family. At least one thing is certain, our ruling in the cases cited from the 60th and 61st *Ga.*, will not allow us to do so. Those cases and the legal remedy invoked there, make a much stronger case for the judgment creditor, in our view of the peculiar nature of this anomalous interest, than do the facts here, and the harsher remedy by injunction, which is here invoked.

The judgment is therefore affirmed which denied that remedy to the creditor of the reversioner. Cons. of 1877, art. ix, sec. 11.

Judgment affirmed.