HOLLOWAY *v.* HOLLOWAY, executor.

1. The testator's widow and step-mother of his minor children, undertaking after his death to keep together and to care for and support the minors, became the head of his family, and as such was entitled to a homestead in his realty for the benefit of herself and the minors.

2. Whether the homestead lasts for the life of the widow as against the children on the arrival of all of them at age, and whether they are entitled to a division of the property in accordance with the will, is not now for decision. As to creditors, it has been held that the homestead does not expire until the widow's death.

February 2, 1891. By two Justices.

Homestead.   Parent and child.   Before Judge BOYN-
TON   Upson superior court.   July term, 1890.

Reported in the decision.

B. F. TISINGER and HALL & HAMMOND, for plaintiff in.
error.

J. A. COTTEN and A. M. SPEER, *contra*

SIMMONS, Justice.

It appears from the record in this case that R. S.
Holloway died testate in 1869, leaving an estate con-
sisting of land and personalty, a widow and nine chil-
dren, five of whom were minors.   The will provided
that, the property of the testator should be kept to-
gether until his youngest child should come of age,
when there should be a division in kind, or a sale for
division, share and share alike, to his wife and children.
The widow was his second wife and not the mother of
the children.   In 1874 the widow applied for, as the
head of a family, and had set apart a homestead in a
portion of the realty for the benefit of herself and the
five minor children.   The minor children having all
arrived at age, the executor, J. J. Holloway, in 1886
filed his petition in equity, alleging therein the death
of the testator, the setting apart of the homestead;
charging that the homestead was void, on the ground
that Mrs. Holloway, not being the mother of the minor
children, was not the head of a family, and therefore
had no right to have the homestead set apart for her-
self and the minor children ; and praying for the ap-
pointment of a receiver to take charge of the land and
the rents thereof, and hold it for the benefit of the
estate, etc.

The widow testified that the estate was being wasted,
there were debts against it and she took a homestead
to secure a home for herself and the minor children, of
whom she had the care and custody after the death of

v 86-37

her husoand until the homestead was set apart; she cared for and raised them, and did the best she could for them; the two minor boys left her before they were of age; she sent one of them to school as much as he would go, and gave the two younger girls a good education. It appears that none of the children are now living with her upon the homestead estate.

1. In this state of facts, the court charged the jury that, if the defendant was the widow of the testator and had the homestead set apart after his death, and was not the mother of the children named in the petition for homestead, the homestead was void, and she had no right as the head of such a family to take a homestead. This charge was excepted to and made the third ground of the motion for a new trial, which was made by the defendant and overruled by the court. Under the facts of this case, we think the court erred in this charge to the jury. While there was no legal obligation on the part of this widow to support the minor children of her husband, yet we think that, inasmuch as she undertook to keep them together, and to care for and support them, as the evidence shows she did, they all remained members of the testator's family, and she thereby became the head of that family, and under the laws of this State was entitled to a homestead as the head of a family. See Capek *v.* Kropik, 129 Ill. 509, s. c. 21 N. E. Rep. 836, where it was held that, on the death of his wife, a widower together with his minor *step-children* was entitled to a homestead in an entire lot of land which he had held in common with his wife. Moreover, when Mrs. Holloway took the minor children under her care and custody, she stood in the relation of a parent to them and took upon herself that obligation. She then was under a moral obligation to support and maintain these children, and the authorities hold that such a moral obligation is suffi-

cient to entitle her to have a homestead set apart for the benefit of herself and the minor children. Wade v. Jónes, 20 Mo. 75; Connaughton v. Sands, 32 Wis. 387; Greenwood v. Maddox, 27 Ark. 648 ; Arnold v. Waltz, 53 Iowa, 706, s. c. 36 Am. Rep. 248; Wilson v. Cochran, 31 Tex. 677 ; McMurray v. Shuck, 6 Bush, 111 ; Brooks v. Collins, 11 Bush, 622; Bell v. Keach, 80 Ky. 42 ; Riley v. Smith (Ky.), 5 S. W. Rep. 869 ; Moyer v. Drummond (S. C.), 10 S. E. Rep. 952 ; Chamberlain v. Brown (S. C.), 11 *Id.* 439 ; 7 Amer. & Eng. Enc. Law, p. 804 ; Thompson on Homesteads, §45. And see *Marsh* v. *Lazenby,* 41 *Ga.* 153 ; *Blackwell* v. *Broughton,* 56 *Ga.* 390. To the effect that a step-father or step-mother may assume the relation of parent towards the step-children, see 2 Kent Com. 192; Sanderlin v. Sanderlin, 1 Swan, 445 ; Williams v. Hutchinson, 3 Comst. 312; Murdock v. Murdock, 7 Cal. 511 ; Capek v. Kropik, 129 Ill. 509, 21 N. E. Rep. 836.

Counsel for plaintiff in error relied upon the case of *Lathrop* v. *Soldiers L. & B. Ass'n,* 45 *Ga.* 483, which he claims to hold that " a widow is not the head of a family of minor children of a former husband by a former marriage." It is singular that both of the learned counsel for defendant in error, as well as the editor of the American & English Encyclopedia of Law (vol. 7, p. 804), fell into the same mistake. There was really no widow involved in that case. A glance at the facts of the case will show that Mrs. Lathrop was the wife of J. J. Lathrop, and that both husband and wife joined in the application for homestead out of the wife's estate. She had mortgaged her individual property to the loan association, and made an affidavit on the back of the mortgage that it was executed by her free will and consent, and that the mortgage money was to be used in payment of the price for the property. The money was loaned to her on the faith of

this sworn statement, and this court held that she was estopped from controverting the facts stated in her affidavit, and that to allow her to claim a homestead exemption " would be, to speak in the mildest terms, a legal fraud." The court also held that, as it was her separate property and she had no children of her own, she was under no legal or moral obligation to support the children of her husband by a former marriage, nor was she the head of a family of these minor children while he was in life. And this is all that the case rules. If her husband had been dead and she had taken the control and custody of his children, it would have presented a very different case from the one decided by the court.

2. Counsel in the case argued that, as all the children had come of age, the homestead estate had expired and the children were entitled to a division of the property in accordance with the will of their father. Whether this can be done or not we do not now decide, because the question is not properly made in the record before us. This court has held in several cases, where creditors were seeking to sell the homestead after the minors arrived at age, that it could not be done, because the homestead did not expire till the death of the widow. *Haslam* v. *Campbell*, 60 *Ga.* 650; *Groover* v. *Brown*, 69 *Ga.* 60. But, so far as we can ascertain, this court has never decided that the homestead lasted during the life of the widow as against the children on their arrival at age and when they sued for a division of the property. This question we will leave for future consideration, in case it arises hereafter in this suit or in another action, if the children or any of them should institute one.        .        *Judgment reversed.*