Rodgers v. Baker.

Atkinson, J.—A homestead which has been regularly set apart, can neither be waived nor renounced by the head of the family so as to authorize a levy upon, and sale of, the property so set apart, under an execution issued upon a judgment rendered against him; and if, pending the existence of the homestead, such property be levied upon under such an execution and sold, the sale is void, and a purchaser thereat acquires no title, even though the judgment upon which the execution issued is based upon a promissory note containing a stipulation in which the head of the family does solemnly "waive and renounce" the benefit of the homestead.

July 8, 1895.                              Judgment affirmed.

Complaint for land. Before Judge Lumpkin. Fulton superior court. September term, 1894.

Rodgers sued T. J. Baker for certain land. The cause was submitted to the judge, who rendered judgment in favor of defendant, on the following facts: Oliver Baker was the owner of and in possession of the land, for thirty years before the trial. In March, 1873, he applied for and obtained a homestead under the constitution of 1868, this land being embraced therein. Green and Isom obtained a judgment against Oliver Baker on May 22, 1881, in a justice's court, on a debt which arose in 1879 on a homestead waiver note. Execution issuing from this judgment was levied on said land, September 25, 1891; the property was advertised and sold by the sheriff of Fulton county, bought by Rodgers, and the

sheriff's deed made to him. The sheriff dispossessed defendant of the land. It had no house on it, but was cultivated by defendant. After defendant was evicted, the land being vacant, he went back in possession and has so remained up to the present time. On April 14, 1888, Oliver Baker deeded the land to Henry Starnes as trustee for W. D. Starnes, with power to sell ‚the same at any time, publicly or privately, without an order of court. Defendant bought the land from Starnes, trustee, on September 11, 1889, paying therefor value received. Defendant was never notified by the sheriff of the levy, but heard that the land had been levied on. He made no claim to the property when it was advertised and sold, nor was any claim interposed by the beneficiaries of the homestead nor by Oliver Baker. Defendant is a son of Oliver Baker, and has been of age some years. Oliver Baker and wife are still living, and the youngest of the children became of age in 1893. Oliver Baker has two single daughters living with him, both of age. The execution was kept alive by proper entries, and was recorded on the general execution docket in July, 1890. The sheriff's deed was regular, was dated November 3, 1891, and was recorded November 17, 1891. The advertisement for sale was legally made. The deed from Baker to Starnes was recorded August 20, 1891. The homestead was granted for the benefit of the wife and children of Oliver Baker. The deed from Starnes, trustee, to defendant was recorded September 11, 1889.

ROBERT L. RODGERS, for plaintiff.

DORSEY, BREWSTER & HOWELL, for defendant.