POWERS *et al. v.* ROSENBLATT & COMPANY *et al.*

1. Under the constitution of this State, a homestead or exemption set apart to the head of a family can not be seized or sold under any judicial process except as provided in the constitution, nor can the head of the family legally sell or dispose of the exempted property without first obtaining an order of court as prescribed by law.

2. Where, therefore, a stock of goods was set apart as an exemption, and the head of the family, without an order of court, continued to carry on a mercantile business and sold the goods and bought other goods with the proceeds and still others on credit extended by merchants who had notice of the exemption, the head of the family is not and can not be, as such, a " trader " within the meaning of the insolvent traders' act (Civil Code, §§ 2716 – 2722), so as to authorize a court of equity to seize, sell, and administer the assets of the estate under that act.

3. The accretions made by the head of the family belong to the homestead estate, and are not liable for debts incurred after they have become a part of the estate.

Argued May 1, — Decided May 22, 1901.

Injunction and receiver.　Before Judge Felton.　Bibb superior court.　March 29, 1901.

*T. B. West* and *Hardeman & Moore,* for plaintiffs in error.

*Lane & Park, Steed & Ryals,* and *Hardeman, Davis, Turner & Jones,* contra.

SIMMONS, C. J.　Early in the year 1901 a creditors' petition, under sections 2716 – 2722 of the Civil Code, was filed against Powers as the head of a family.　From its allegations it appeared that Powers, in the year 1892, had set apart to him as the head of a family, consisting of his wife and minor child, an exemption of personalty composed principally of a stock of merchandise.　After the exemption had been made, he continued in the mercantile business, employing therein the exempted stock of goods, and largely increased the amount and value of the stock.　In the year 1900 he purchased of different merchants goods to a large amount.　He was

unable to pay all of the purchase-money, and the present proceeding was brought against him by the creditors.   There were also the usual and necessary allegations as the maturity of their claims, demand of payment and refusal, insolvency of the debtor, and that the petitioners represented more than one third of the unsecured indebtedness.   The prayers were, for judgments against the defendant, that he be enjoined from interfering with the goods, that a receiver be appointed, and that the goods be administered by the court under the terms of the code sections above mentioned.   At the hearing Powers demurred upon the ground, among others, that the plaintiffs were not entitled to the relief sought, and had an adequate common-law remedy.   The court granted a temporary restraining order, and, at the interlocutory hearing, appointed a receiver and granted an injunction against Powers as prayed.   To this, and to the overruling of his demurrer, Powers excepted.   Upon the hearing affidavits were put in evidence as to the merits of the case, but, as we deal solely with the ruling upon the demurrer, it is unnecessary to consider these affidavits or the answer filed by Powers.

1, 2.  The main question argued before this court was whether the insolvent traders' act (as embodied in sections 2716 – 2722 of the Civil Code) was applicable to Powers as head of a family, under the facts alleged in the petition.   In other words, whether the head of a family, to whom has been set apart an exemption of personalty and who continues to trade therewith without an order of court, is a "trader" within the meaning of that act.   Under the constitution and laws of this State, when a homestead or exemption of personalty is duly set apart to the head of a family, no court has jurisdiction to order it seized, levied upon, or sold, except upon final process issued upon judgments for specified classes of debts enumerated in the constitution.   When the property has been thus set apart, the head of the family has himself no power to sell or dispose of it without an order of the judge of the superior court. Civil Code, § 2847.   Whoever trades with the head of the family and gives him credit, with knowledge or notice of the exemption, does so at his peril unless the debt be created for one of the things enumerated in the constitution.   If it be for the purchase-money of the property set apart or for materials furnished therefor, the law gives the creditor a remedy against the homestead estate.   In

such case, he may sue at law, obtain a judgment against the homestead estate, and subject the exempted property to levy and sale, or he may accomplish the same result by proceeding in equity. In no event, however, can the creditors file an equitable petition against the head of the family as a trader and have the exempted property seized and sold under the provisions of the insolvent traders' act. He, as head of the family, is not such a trader as is contemplated by the code. The law forbids that he should become a trader in the legal sense of that word. He is not allowed to sell or dispose of the exempted property any more than a court is allowed to do so, except when he has applied to the court by proper petition and obtained an order of sale. The property set apart to the head of the family is exempted, not for his protection and maintenance, but for the support of the wife and minor children. To allow him, as the head of the family, after the property has been set apart for the support of the family, to go regularly into business and to trade with the exempted property without an order of court, would be to allow him to squander and wreck the estate which the law has taken from him and so placed that it can be used for the benefit and support of the family. To allow him to carry on a mercantile business with the exempted goods, and then' for the court, under the provisions of the insolvent traders' act, to seize and sell the homestead or exemption and distribute the proceeds among creditors, would be to nullify the constitution and the laws relating to the exemption of property. Nor, in our opinion, does it matter whether the creditors claimed that they extended credit on the faith of the property of the estate and furnished additional goods as "material furnished" for the estate. The creditors alleged in their petition that the property was set apart as a homestead, and they must have known that Powers had no legal right to carry on the business and incur debts chargeable to the estate. The goods furnished were not such as are contemplated by the constitution where it refers to "material furnished" for the homestead estate. These goods were furnished to the head of the family and to the business carried on by him, and, as above said, he had no right to carry on such business with the homestead property. His creditors are chargeable with notice of the law, and they should look for payment for their goods to him alone.

3. It was argued here that the accretions made by the head of

the family to the exempted property should be held liable for the payment of these creditors. It·is now well settled by the decisions of this court that the accretions become a part of the exemption, and are no more subject to levy and sale than is the original exemption. This has been held to be true even where the head of the family has exchanged or sold the exempted property without any authority to do so, and the accretions have been purchased with the proceeds of the exchange or sale. *Kiser* v. *Dozier*, 102 *Ga.* 429; *Taylor* v. *James*, 109 *Ga.* 333.

For these reasons we think that the court below erred in granting the injunction and appointing a receiver, thereby taking the exempted property out of the hands of the head of the family.

*Judgment reversed.    All the Justices concurring.*