8113.  RUSSELL *et al. v.* GILLILAND.

BROYLES, P. J.  1.  "A homestead which has been regularly set apart can neither be waived nor renounced by the head of the family so as to authorize a levy upon, and sale of, the property so set apart, under an execution issued upon a judgment rendered against him; and if, pending the existence of the homestead, such property be levied upon under such an execution and sold, the sale is void, and a purchaser thereat acquires no title, even though the judgment upon which the execution issued is based upon a promissory note containing a stipulation in which the head of the family does solemnly 'waive and renounce' the benefit of the homestead." *Rogers* v. *Baker*, 96 *Ga.* 800 (22 S. E. 585). In the instant case the "pony" homestead was set apart in 1905, and the "waiver" note was executed by the head of the family in 1914.

2. The accretions of homestead property are exempt from levy and sale. Civil Code, § 3398; *Powers* v. *Rosenblatt*, 113 *Ga.* 559 (3), 561 (38 S. E. 969).

(a) The provisions of code-section 3398, supra, apply to the statutory or "short" homestead as well as to the constitutional homestead. *Kupferman* v. *Buckholts*, 73 *Ga.* 778.

3. The court having required the plaintiff to write from the verdict the

item of $1.60 interest, the error in the charge, that if the jury found in favor of the plaintiff he would be entitled to recover the value of the cows, together with hire and *interest,* was corrected.

4. The general grounds of the motion for a new trial, that the verdict is contrary to law and the evidence, can not be considered, as such grounds require a review of the evidence, and that which purports to be a brief of the evidence shows on its face that it is incomplete, and raises a legitimate inference that it does not contain all the material evidence adduced on the trial. Under such circumstances, there being no merit in any of the special grounds of the motion for a new trial. the judgment of the lower court must be affirmed.

        *Judgment affirmed. Jenkins and Bloodworth, JJ., concur.*

   Trover; from Catoosa superior court—Judge Fite.   August 11, 1916.

   *W. E. Mann,* for plaintiffs in error.   *M. L. Harris,* contra.